Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JONES, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| CLOUDERA, INC., GARY HU, KEVIN KLAUSMEYER, MICHAEL A. STANKEY, PETER FENTON, JESSE A. LYNN, ROSEMARY SCHOOLER, ROBERT BEARDEN, and PAUL CORMIER, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff John Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Cloudera, Inc. ("Cloudera" or the "Company") and the members of Cloudera's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to investment funds advised by Clayton, Dubilier & Rice, LLC ("CDR") and Kohlberg Kravis Roberts & Co. L.P. ("KKR"), through their subsidiaries Sky Parent Inc. ("Parent") and Project Sky Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction").

2.      On June 1, 2021, Cloudera issued a press release announcing that it had entered into an Agreement and Plan of Merger, pursuant to which Cloudera stockholder will receive $16.00 in cash for each share of Cloudera common stock they own (the "Merger Consideration").

3.      On July 19, 2021, Cloudera filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC.  The Proxy is materially deficient and misleading because, inter alia, it fails to disclose material information regarding: (i) the Company's financial projections; and (ii) the financial analyses performed by the Company's financial advisor Morgan Stanley & Co LLC ("Morgan Stanley").

4.      The stockholder vote to approve the Proposed Transaction is forthcoming.  Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company is headquartered in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Cloudera.

9. Defendant Cloudera is a Delaware corporation, with its principal executive offices located at 5470 Great America Parkway, Santa Clara, California 95054. Cloudera's common stock trades on the New York Stock Exchange under the ticker symbol "CLDR."

10. Defendant Gary Hu ("Hu") has served as a director of the Company since January 2021.

11. Defendant Kevin Klausmeyer ("Klausmeyer") has served as a director of the Company since January 2019.

12. Defendant Michael A. Stankey ("Stankey") has served as a director of the Company since February 2017.

13. Defendant Peter Fenton ("Fenton") has served as a director of the Company since January 2019.

14. Defendant Jesse A. Lynn ("Lynn") has served as a director of the Company since August 2019.

15. Defendant Rosemary Schooler ("Schooler") has served as a director of the Company since December 2017.

16. Defendant Robert Bearden ("Bearden") has served as Chief Executive Officer ("CEO") since January 2020, and a director of the Company since January 2019. Defendant Bearden also previously served as President of the Company from January 2020 to March 2021.

17. Defendant Paul Cormier ("Cormier") has served as a director of the Company since January 2019.

18. Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

19. Relevant non-party CDR is a private investment firm with offices located in New York and London.

20. Relevant non-party KKR is a leading global investment firm that offers alternative asset management and capital markets and insurance solutions.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

21. Cloudera pioneered the creation of the enterprise data cloud category. Since its founding in 2009, the Company has been a leader in multi-function data management and analytics software, including flow management, streams management, data engineering, data warehousing, streaming analytics, operational databases and machine learning.

22.     On June 1, 2021, Cloudera announced its first quarter fiscal 2022 financial results, including: (i) total revenue for the first quarter of $224.3 million, an increase of 7% as compared to the first quarter of fiscal 2021; (ii) subscription revenue of $200.7 million, an increase of 7% as compared to the first quarter of fiscal 2021; (iii) GAAP loss from operations for the first quarter of fiscal 2022 of $33.8 million, compared to $55.8 million for the first quarter of fiscal 2021; (iv) non-GAAP income from operations for the first quarter of fiscal 2022 of $42.5 million, compared to $17.3 million for the first quarter of fiscal 2021; (v) operating cash flow for the first quarter of fiscal 2022 of $162.2 million, compared to $68.4 million for the first quarter of fiscal 2021; (vi) non-GAAP net income per share for the first quarter of fiscal 2022 of $0.12, compared to $0.05 for the first quarter of fiscal 2021; and (vii) annualized recurring revenue at the conclusion of the first quarter of fiscal 2022 of $805 million, representing 12% year-over-year growth.

23.     On June 1, 2021, Cloudera issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> SANTA CLARA, CA, June 1, 2021 — Cloudera, (NYSE: CLDR), the enterprise data cloud company, today announced that it has entered into a definitive agreement to be acquired by affiliates of Clayton, Dubilier & Rice ("CD&R") and KKR in an all cash transaction valued at approximately $5.3 billion. The transaction will result in Cloudera becoming a private company and is expected to close in the second half of 2021.
>
> The Board of Directors of Cloudera (the "Board") has unanimously approved the transaction and recommends that the Cloudera shareholders approve the transaction and adopt the merger agreement. Entities related to Icahn Group, collectively holding approximately 18% of the outstanding shares of Cloudera common stock, have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of Cloudera common stock in favor of the transaction.
>
> The transaction delivers substantial value to Cloudera shareholders, who will receive $16.00 in cash per share, representing a 24% premium to the closing price as of May 28, 2021 and a 30% premium to the 30-day volume weighted average share price.
>
> "This transaction provides substantial and certain value to our shareholders while also accelerating Cloudera's long-term path to hybrid cloud leadership for analytics that span the complete data lifecycle - from the Edge to AI," said Rob Bearden, CEO of Cloudera. "We believe that as a private company with the expertise and support of

experienced investors such as CD&R and KKR, Cloudera will have the resources and flexibility to drive product-led growth and expand our addressable market opportunity."

"We very much look forward to working with Cloudera as it continues to execute its long-term transformation strategy," said Jeff Hawn, CD&R Operating Partner who will serve as Chairman of the company upon the close of the transaction.  "The company has made significant progress establishing the Cloudera Data Platform (CDP) as a leader in hybrid and multi-cloud analytics, and we believe that our experience and capabilities can offer valuable support to accelerate expansion into new products and markets."  Mr. Hawn's past roles include serving as Chairman and Chief Executive Officer of Quest Software, Vertafore, and Attachmate.

"We have followed the Cloudera story closely for a number of years and are pleased to be supporting its mission of helping companies make better use of their data in the ever-evolving hybrid IT environment," said John Park, KKR Partner and Head of Americas Technology Private Equity.  "We are excited to contribute to Cloudera's accelerated innovation efforts as a private company."

KKR is making the investment from its North American private equity funds, adding to KKR's experience helping to grow leading global technology businesses, including GoDaddy, Internet Brands, Epicor, BMC, Optiv, Calabrio, Corel and 1-800 Contacts. CD&R's investments in technology-related businesses include Epicor, Capco, m2gen, Sirius Computer Solutions, and TRANZACT.

Closing of the deal is subject to customary closing conditions, including the approval of Cloudera shareholders and antitrust approval.  The agreement includes a 30-day "go-shop" period expiring on July 1, 2021, which allows the Board and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties – with an additional 10 days to negotiate a definitive agreement with qualifying parties.  The Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement.  There can be no assurance that this "go-shop" will result in a superior proposal, and Cloudera does not intend to disclose developments with respect to the solicitation process unless and until the Board receives an acquisition proposal that it determines is a superior proposal, or it otherwise determines such disclosure is required.

**First Quarter Fiscal 2021 Financial Results**

Cloudera will announce its first quarter fiscal year 2021 financial results in a separate release today.  The press release will also be available on the Investor Relations section of Cloudera's website.  Due to the announced transaction with affiliates of CD&R and KKR, Cloudera has cancelled its earnings conference call previously scheduled for June 2, 2021.

**Advisors**

Morgan Stanley & Co LLC is serving as exclusive financial advisor to Cloudera, and Latham & Watkins, LLP is serving as legal advisor to Cloudera. GCA Advisors, LLC, BofA Securities, William Blair & Company, L.L.C., Perella Weinberg Partners LP, Cowen and J.P. Morgan are serving as financial advisors and Kirkland & Ellis, LLP and Debevoise & Plimpton LLP are serving as legal advisor to CD&R and KKR. J.P. Morgan, Bank of America, and KKR Capital Markets have committed to providing debt financing for the transaction.

**The Proxy Contains Material Misstatements or Omissions**

24. On July 19, 2021, Cloudera filed the materially misleading and incomplete Proxy with the SEC. Designed to convince Cloudera's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: (i) the Company's financial projections; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley.

*Material Omissions Concerning the Company's Financial Projections*

25. The Proxy omits material information regarding the Company's financial projections.

26. Specifically, the Proxy fails to include the financial metrics underlying (i) Operating Income/EBIT; and (ii) Unlevered Free Cash Flow.

27. The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Management Projections."

*Material Omissions Concerning Morgan Stanley's Financial Analyses*

28. The Proxy omits material information regarding Morgan Stanley's financial analyses.

29. The Proxy describes Morgan Stanley's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Cloudera's public stockholders are unable to fully understand

these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

30.     With respect to Morgan Stanley's *Public Trading Comparables Analysis* and *Precedent Transactions Multiples Analysis*, the Proxy fails to disclose the individual multiples and financial metrics for each of the comparable companies and transactions observed by Morgan Stanley in the analyses, respectively.

31.     With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Proxy fails to disclose: (i) the levered free cash flow estimates for Cloudera for each of the "Street Case" and the "May 2021 Final Updated Forecasts"; (ii) Cloudera's projected net cash; (iii) the estimated fully diluted shares outstanding of Cloudera; and (iv) the inputs and assumptions underlying the discount rate of 8.6%.

32.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy fails to disclose: (i) the terminal values for Cloudera; (ii) the inputs and assumptions underlying the discount rates ranging from 7.1% to 8.9%; (iii) Cloudera's net cash; and (iv) the net present value of Cloudera's net operating losses.

33.     With respect to Morgan Stanley's *Illustrative Precedent Premiums* analysis, the Proxy fails to disclose: (i) the transactions observed in the analysis; and (ii) the premia of the transactions considered.

34.     With respect to Morgan Stanley's *Equity Research Analysts' Future Price Targets* analysis, the Proxy fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

35.     Without such undisclosed information, Cloudera stockholders cannot evaluate for themselves whether the financial analyses performed by Morgan Stanley were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive

fairness opinion could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Morgan Stanley's opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction or seek appraisal.

36. The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Opinion of Morgan Stanley."

37. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

40. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy. The Proxy was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections, and financial analyses performed by Morgan Stanley. The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

42. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

43. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

44. Plaintiff repeats all previous allegations as if set forth in full.

45. The Individual Defendants acted as controlling persons of Cloudera within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cloudera, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

48. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Cloudera's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Cloudera, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 11, 2021

**WEISSLAW LLP**
Joel E. Elkins

By: */s/ Joel E. Elkins*

Joel E. Elkins
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348
       -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: 212/682-3025
Facsimile: 212/682-3010

*Attorneys for Plaintiff*

**OF COUNSEL**

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (646) 860-9158
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS